1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    ROBERT J. WELLS,                              No. C-05-0425-MJJ

12              Plaintiff,                          **ORDER GRANTING DEFENDANTS'**
                                                    **MOTION TO DISMISS**
13        v.

14    MARTHA LEVY, et al.,

15              Defendants.
      _____/

16

17                              **INTRODUCTION**

18        Defendants Martha Levy, C. Sherwood, John Tam, and A. Pointer ("Defendants") move to

19    dismiss Plaintiff Robert J. Wells' ("Plaintiff") complaint or, in the alternative, for summary

20    judgment.  For the following reasons, Defendants' motion to dismiss is **GRANTED**.

21                               **BACKGROUND**

22        This case arises out of the filing of two Notices of Federal Tax Lien ("Notices") by the

23    Internal Revenue Service ("IRS") against Plaintiff.  The Notices were filed with the County

24    Recorder of San Mateo County after Plaintiff failed to pay tax assessments and penalties made

25    against him by the IRS.  The first Notice was filed on April 28, 2003, and the second was filed on

26    June 23, 2004.

27        Plaintiff, who is proceeding *pro se*, filed this "TITLE 42, § 1983 COMPLAINT FOR CIVIL

28    RIGHTS DAMAGES" on January 28, 2005 against Defendants in their individual capacities,

**United States District Court**
For the Northern District of California

alleging that filing the Notices constituted fraud, conspiracy to commit fraud, and an unreasonable

seizure of property in violation of the Fourth, Fifth, and Fourteenth Amendments and Plaintiff's

"natural rights."  (Pl.'s Amended Compl. at ¶¶ 24–28.)

Defendant Martha Levy is the Revenue Officer who authorized the issuance of the Notices.

Defendant C. Sherwood is the Director of Payment Compliance, whose signature was on the

Notices.  Defendant John Tam's[1] signature was on the earlier Notice, and Defendant A. Pointer's

signature was on the latter.

## LEGAL STANDARDS

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A federal court must have jurisdiction over the subject matter of a suit in order for the action

to proceed.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss under Rule 12(b)(1) challenges the

court's subject matter jurisdiction and the plaintiff bears the burden of proof that federal jurisdiction

exists.  *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th

Cir. 1979).  "Wherever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action."  FED. R. CIV. P. 12(h)(3).

### B.    Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.  *Navarro*

*v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a 12(b)(6) motion is on the legal

sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the

face of the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.

2002).  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal

theory or failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental*

*Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

530, 534 (9th Cir. 1984).  Further, dismissal is appropriate only if it appears beyond a doubt that the

---

[1] Plaintiff's complaint names John Fa as a defendant in this case.  John Fa has been identified as Program Manager John Tam.  Plaintiff apparently misread John Tam's signature as John Fa.

United States District Court
For the Northern District of California

1  plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389,

2  391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material

3  allegations in the complaint as true and construes them in the light most favorable to the plaintiff.

4  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

6      Defendants move to dismiss Plaintiff's complaint on two grounds. First, Defendants argue

7  that the Court lacks subject matter jurisdiction over Plaintiff's complaint to the extent it can be read

8  as stating a claim for unauthorized tax collections, federal tort, declaratory relief, or injunctive relief.

9  Second, Defendants argue that Plaintiff's complaint fails to state a claim upon which relief can be

10  granted with respect to Plaintiff's claims under 42 U.S.C. section 1983 ("Section 1983") and under

11  *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

12      Plaintiff does not specifically address Defendants' arguments in his opposition brief.

13  Instead, Plaintiff's general response rests on the theory that Defendants have no authority to act

14  outside the District of Columbia unless such authority is expressly delegated by Congress or the

15  Secretary of Treasury. Plaintiff contends that because this authority not been expressly delegated,

16  Defendants' filing of the Notices constituted fraud under color of law in violation of his

17  constitutional rights.

18  **A.**    **Subject Matter Jurisdiction**

19      Defendants admit that the Court has subject matter jurisdiction over Plaintiff's Section 1983

20  and *Bivens* claims. However, Defendants argue that to the extent Plaintiff's complaint can be read

21  as asserting claims *against the United States*, it should be dismissed for lack of subject matter

22  jurisdiction.

23      **1.**    **Claim for Unauthorized Tax Collection**

24      Defendants first argue that to the extent that Plaintiff's complaint can be read as stating a

25  claim against the United States under 26 U.S.C. section 7433(a) ("Section 7433") for unauthorized

26  tax collection, it must be dismissed for lack of subject matter jurisdiction. A plaintiff must exhaust

27  her administrative remedies before a district court has jurisdiction over her Section 7433 claim.

28

3

*United States District Court*
For the Northern District of California

1    *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).  Here, there is no indication from the

2    record that Plaintiff has exhausted his administrative remedies with respect to a claim for

3    unauthorized tax collection.  Thus, to the extent that Plaintiff's complaint can be read to assert a

4    Section 7433 claim, it is **DISMISSED WITHOUT PREJUDICE**.[2]

5         **2.       Claim under the Federal Tort Claims Act**

6         Defendants next argue that any claim under the Federal Tort Claims Act ("FTCA"), 28

7    U.S.C. § 2671, *et seq.*, that Plaintiff's complaint can be read to assert against the United States

8    should be dismissed for lack of subject matter jurisdiction.  The United States may not be sued

9    without its consent.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Thus, a district court is without

10   jurisdiction to proceed in a claim against the United States absent a waiver of sovereignty.  *United

11   States v. Mitchell*, 463 U.S. 206, 212 (1983).

12        The FTCA waives the sovereign immunity defense in tort claims against the United States.

13   28 U.S.C. § 2674.  However, 28 U.S.C. section 2680 provides several exceptions to this waiver.

14   Section 2680(c) expressly prohibits a plaintiff from bringing against the United States "[a]ny claim

15   arising in respect of the assessment or collection of any tax . . . ."  This exception has been broadly

16   construed to bar claims based on "any activities of an IRS agent even remotely related to his or her

17   official duties."  *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1144 (E.D. Cal. 1999) (quoting

18   *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981)); *see also Morris v. United States*, 521 F.2d

19   872, 874 (9th Cir. 1975).  "If a plaintiff's tort claim falls within one of the exceptions, the district

20   court lacks subject matter jurisdiction" over the claim.  *Morris*, 521 F.2d at 874.

21        Here, although Plaintiff's complaint alleges a claim for fraud against Defendants in their

22   individual capacities, the actions giving rise to this case are clearly related to Defendants' official

23   duties.  Thus, to the extent that Plaintiff's complaint can be read to assert a federal tort claim against

24   the United States, it is **DISMISSED WITH PREJUDICE**.

25

26        [2] If Plaintiff wishes to bring a claim against the United States for unauthorized tax collection under section 7433, he must first file an administrative claim in accordance with Treas. Reg. section

27   301.7433-1(e).  If that claim is denied, he must then file his section 7433 claim with the Court "within two years after the right of action accrues."  26 U.S.C. § 7433(d)(1).

28                                                      4

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.      Claim for Declaratory Relief**

Defendants also argue that Plaintiff's demand for declaratory relief should be dismissed. Plaintiff is seeking:

> Declaratory judgment for the actions of Defendants and ANY AND ALL DOES who acted either under color of law or totally outside the law and who clearly violated well established law and principles of human and civil rights against the Plaintiff by conspiring to commit fraud, and/or other crimes as this Court deems adjudged.

(PAC at 15.)  While federal courts generally have jurisdiction to grant declaratory relief, the Declaratory Judgment Act specifically bars declaratory relief in controversies "with respect to Federal taxes."  28 U.S.C. § 2201; *Hughes v. United States*, 953 F.2d 531, 536–37 (9th Cir. 1992). Because the present case involves federal taxes, Plaintiff's demand for declaratory judgment is **DISMISSED WITH PREJUDICE**.

**4.      Claim for Injunctive Relief**

Defendants further argue that Plaintiff's complaint should be dismissed to the extent that it can be read as seeking injunctive relief against the collection of his outstanding federal tax liabilities.  The Anti-Injunction Act explains that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" unless it falls within a specifically enumerated exception.  26 U.S.C. § 7421(a).  Here, none of the various exceptions apply.  Thus, to the extent that Plaintiff's complaint can be read to as seeking to restrain the United States from collecting his tax liabilities, it is **DISMISSED WITH PREJUDICE**.

**B.      Failure to State a Claim upon Which Relief Can Be Granted**

**1.      Plaintiff's Fraud Theory**

Plaintiff's argument that Defendants, as IRS agents, lack authority to act outside of the District of Columbia is without merit.  The Ninth Circuit has made clear that local IRS employees have the authority to collect federal taxes.  *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992).  Accordingly, Plaintiff 's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted insofar as it alleges that Defendants lacked authority to file the Notices.

5

**United States District Court**
For the Northern District of California

1

### 1.      Section 1983 Claim

Section 1983 provides a civil damages remedy only against persons acting under color of law of any state, territory, or the District of Columbia.  42 U.S.C. § 1983.  Section 1983 does not generally provide a damages remedy against federal officials acting under color of federal law. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).  However, federal officials may be held liable for injunctive relief under section 1983 if they "conspire with or participate in concert with state officials who, under color of state law, act to deprive a person of protected rights." *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983), *cert. denied*, 465 U.S. 1078 (1984).

Plaintiff's complaint fails to allege that Defendants acted under color of state law and fails to allege that Defendants conspired with or acted in concert with state officials to deprive him of his federal rights.  Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted with respect to his section 1983 claim.

### 2.      *Bivens* Claim

The Supreme Court has held that federal government actors may be held personally liable for violating citizens' constitutional rights under the color of federal authority. *Bivens*, 403 U.S. at 396–97.  However, a *Bivens* action does not lie "where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 1183–84 (9th Cir. 2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)).  The Ninth Circuit has held that the because the Internal Revenue Code provides taxpayers meaningful protections against the federal government, *Bivens* relief is not available in suits against IRS auditors and officials. *Id*. at 1186.

*Adams* makes clear that Plaintiff cannot obtain *Bivens* relief against Defendants. Accordingly, Plaintiff's *Bivens* claim is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

6

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims for relief under 42 U.S.C. section 1983 and under 26 U.S.C. section 7433(a) which have been asserted or which Plaintiff's complaint can be read to assert are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may seek leave to amend his complaint with respect to these claims.  Any claims under the Federal Tort Claims Act, for declaratory relief, and for injunctive relief discussed herein are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.  Plaintiff's claim under *Bivens* is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: October 26, 2005

_____

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

7